CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 22 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| NATHANIEL J. FAUBER, | CASE NO. 5:12CV00091 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| SPECIAL AGENT FIELDINGS, et al., | |
| Defendants. | By: B. WAUGH CRIGLER |
| | U.S. MAGISTRATE JUDGE |

Plaintiff, proceeding *pro se*, has instituted his fourth action in the Western District of Virginia in recent years. This action was filed under the alleged auspices of 42 U.S.C. § 1983 against a number of State and Augusta County law enforcement personnel, including the attorney for Augusta County. Some of the defendants have moved to dismiss, and plaintiff has moved for default judgment, which has been opposed by those defendants who have responded to the Complaint. For the reasons set forth below, the undersigned RECOMMENDS that plaintiff's case be DISMISSED in its entirety and all pending motions in this case be DISMISSED as moot.

As mentioned, plaintiff is no stranger to the Western District of Virginia. On August 14, 2008, plaintiff filed an action in the Harrisonburg Division of the court against Virginia Army National Guard, State of Virginia, The United States of America, and Salem Veterans Hospital. *See Fauber v. Virginia Army National Guard et al.*, Civil Action No. 5:08CV68. The Hon. James C. Turk, presiding District Judge, dismissed his Complaint on April 13, 2009. On September 14, 2009, the Fourth Circuit Court of Appeals affirmed in a *per curiam* opinion. *Fauber v. Virginia Army National Guard*, 332 Fed. Appx. 155 (4th Cir. 2009).

On September 21, 2009, plaintiff instituted another action in the Harrisonburg Division arising out of the same or similar circumstances, but this time plaintiff was seeking monetary relief against additional defendants. *See Fauber v. Commonwealth: Christy Monolo et al.*, Civil Action No. 5:09CV72. Once more, on December 7, 2009, Judge Turk dismissed the action both as barred by the Eleventh Amendment and because plaintiff failed to state a claim upon which relief could be granted. The Fourth Circuit Court of Appeals affirmed in a *per curiam* opinion issued on June 25, 2010. *Fauber v. Commonwealth*, 385 Fed. Appx. 321 (4th Cir. 2010).

On October 29, 2010, plaintiff filed a third action, this time in the Charlottesville Division. *Fauber v. Commonwealth et al.*, Case No. 3:10CV59. On November 30, 2010, the Hon. Norman K. Moon, presiding District Judge, dismissed plaintiff's Complaint. He dismissed the case pursuant to Fed. R. Civ. P. 12(h)(3) on the basis that the court lacked subject-matter jurisdiction. The dismissal Order directed the plaintiff not to file any additional frivolous pleadings and warned him of the risk of a pre-filing injunction and the imposition of sanctions.

Plaintiff was not deterred from filing more pleadings. On December 20, 2010, Judge Moon, citing *Cromer v. Kraft Foods of North America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004), entered an Order subjecting plaintiff to a pre-filing review system, and ordering the Clerk to

> [R]efuse and not docket any new filings submitted by Fauber before obtaining leave from the court; the court will grant leave only upon Fauber's submission of a properly filed pleading in which Fauber (i) demonstrates that the court has jurisdiction to hear his claims, and (ii) states claims that are not frivolous. The court will discard any submission that does not meet these requirements.

*Fauber v. Commonwealth, et al.,* Civil Action No. 3:10-cv-00059 (Dkt. No. 37, pp. 1-2) (footnote omitted).

Probably because Moon's December 20, 2010 Order was not docketed in the Harrisonburg Division, the Clerk improvidently permitted plaintiff to file the instant case without

complying with a pre-filing review. The Augusta County law enforcement defendants and defendant Patrick Morgan, the attorney for Augusta County, have raised this issue in their motions to dismiss. Since plaintiff clearly failed to comply with Judge Moon's injunction mandating a pre-filing review, this action should be dismissed as improvidently filed, and it is so RECOMMENDED.

Nevertheless, the undersigned will proceed to conduct a pre-filing review so that the presiding District Judge may have the benefit thereof when reviewing this Report and Recommendation. For the reasons set forth below, the undersigned will recommend this action be dismissed as failing that review.

Plaintiff has filed this action pursuant to § 1983. In order to state a claim for relief under § 1983, a plaintiff must allege facts indicating that a plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint contains most, if not all, the same convoluted and redundant narratives and assertions of legal conclusion that rendered his Complaint before Judge Moon
3

almost "incomprehensible," particularly as to the Augusta County defendants. *Fauber v. Commonwealth et al.*, Civil Action No. 3:10CV00059 (Dkt. No. 17, p. 5.) Much the same may be said of plaintiff's allegations against defendants Fieldings, Lyon and Flaherty, in their official capacities as law enforcement officials of the Commonwealth of Virginia. Specifically, the Complaint fails to articulate any conduct that likely would subject these defendants to liability under § 1983. Plaintiff appears to be asking the court either to require them to perform some investigative function of their office, which plaintiff does not believe was performed to his satisfaction, or to hold them liable in their supervisory capacities, without providing a single factual allegation that would render them vicariously liable.

Plaintiff's claims against the State and county defendants in their official capacities are barred by Eleventh Amendment. *Wooddell v. Bath County Sheriff's Dept.*, 2012 WL 1898901, *1 (W.D. Va. May 23, 2012) (holding that the Eleventh Amendment limits the jurisdiction of the federal courts to hear cases against States and state officers who are acting in their official capacities.)

Plaintiff's allegations against the Augusta County law enforcement officials, known or unknown, are little more than a streaming rant against them in their personal, official and supervisory capacities. Plaintiff's claims involve separate alleged high speed chases. Plaintiff asserts that one was participated in by an unnamed off-duty police officer and the other by the driver of a car who is not identified or described. Furthermore, he claims that the county defendants failed to prosecute the alleged drivers in these cases, despite his requests to do so.

Plaintiff alleges that defendants Deputy Janell Hammersburg and Cpl Mock violated his rights by entering his home, while at the same time also alleging they were responding to a 911 call initiated from the home. Plaintiff alleges that "I took a woman by force beating her in my

4

car and dragging her into my home." Complaint ¶17. In addition, plaintiff alleges he was threatened with the use of a taser because of events occurring once the officers entered the home, albeit with permission, and there are no further allegations that the taser otherwise was used in any way which could establish the use of unreasonable force. As a matter of law, no Fourth Amendment violation is alleged to have occurred.

Plaintiff asserts his constitutional rights were violated when the Augusta County law enforcement defendants refused to prosecute the 911 caller whose information led to the entry of his home. Plaintiff has failed to state a claim in this regard because it is well-established that an individual has no right under the Constitution to prosecute a criminal violation. *Linda R.S. v Richard D.*, 410 U.S. 614, 619 (1973). In fact, that right here belongs to the Commonwealth of Virginia.

For all these reasons, the undersigned finds plaintiff's Complaint legally frivolous on its face, that it would not have passed a pre-filing review had it been undertaken in the first instance, and that it was filed improvidently. Therefore, the undersigned RECOMMENDS that plaintiff's case be DISMISSED with prejudice, and all pending motions in this case be DISMISSED as moot.[1] The dismissal Order should continue the pre-filing injunction heretofore entered by Judge Moon.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not

---

[1] The record reflects that defendants have moved to dismiss on diverse grounds, and the plaintiff has filed a "Motion for Default Judgment by Jury Trial" against defendant Morgan, which essentially are mutually exclusive remedies.

5

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: *[signature]*
U. S. Magistrate Judge

10-22-2012
Date